IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL STANSELL, | ) | CASE NO. 1:15CV01303 |
| | ) | |
| Petitioner, | ) | JUDGE PATRICIA A. GAUGHAN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | JONATHAN D. GREENBERG |
| LaSHANN EPPINGER, Warden | ) | |
| | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | **ORDER** |

Before the Court is Respondent's motion to dismiss as time-barred Petitioner Michael Stansell's Petition for the Writ of Habeas Corpus. (Doc. No. 12). Petitioner has filed a brief in opposition. (Doc. No. 13).

Respondent's motion is DENIED without prejudice. No later than January 20, 2017, Respondent shall file a Return of Writ in which he may reassert his limitations defense in light of *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016). Petitioner shall file a Traverse no later than March 6, 2017. The Court's reasons are provided below.

On February 12, 1998, Petitioner appeared in Cuyahoga County Court of Common Pleas and pled guilty to numerous sex-related crimes[1] pursuant to a plea agreement.  (Exhibit 4, Doc. No. 6-1 at 46).  He was sentenced to twenty years to life in prison.  (Exhibit 4, Doc. No. 6-1 at 46).  On April 20, 2000, the trial court's judgment was affirmed on direct appeal.  (Exhibit 8, Doc. No. 6-1 at 64).  On April 23, 2002, Petitioner sought federal habeas relief.  (Exhibit 12, Doc. No. 6-1 at 88).  On June 27, 2002, the district court denied his petition on the grounds of procedural default and time bar.  *See Stansell v. Wilson*, Case No. 1:02cv821 (N.D. Ohio).

On March 6, 2013, Petitioner returned to the state trial court and filed a Motion to Vacate Sexually Violent Predator Sentencing Enhancement Specification.  (Exhibit 19, Doc. No. 6-1 at 149).  The trial court denied his motion.  On appeal, the trial court's judgment was affirmed, but the court of appeals concluded that the trial court had erred when it failed to impose a term of post-release control as part of Petitioner's original 1998 sentence.  *State v. Stansell*, 10 N.E.3d 795, 798–99 (Ohio Ct. App. 2014).  The case was remanded with instructions that the trial court "properly advis[e] and impos[e] upon Stansell the requisite period of postrelease control."  *Id.* at 799.

On May 19, 2014, Petitioner was resentenced pursuant to the court of appeal's remand order.  (Exhibit 35, Doc. No. 6-1 at 270).  The trial court imposed the same sentence as it did in 1998, with the addition of a term of five years mandatory post release control.  During the sentencing hearing, Petitioner was advised that if he "violates that supervision or condition of

---

[1] These included two counts of rape, one count of rape with a sexually violent predator specification, two counts of corruption of a minor, one count of gross sexual imposition with a sexually violent predator specification, one count of illegal use of a minor in nudity-oriented material, and one count of pandering sexually-oriented matter involving a minor. (Exhibit 4, Doc. No. 6-1 at 46).

post release control, under RC 2967.131(B), [the] parole board may impose a prison term as part of the sentence of up to one-half of the stated prison term originally imposed upon" him. (Exhibit 35, Doc. No. 6-1 at 270).  Petitioner appealed, and on May 14, 2015, the court of appeals affirmed.  (Exhibit 42, Doc. No. 6-1 at 305).

On June 30, 2015, Stansell filed the instant Petitioner for the Writ of Habeas Corpus, alleging one ground for relief:

> **GROUND ONE:**  Petitioner was deprived of due process of law where the indictment and evidence were insufficient as a matter of law to sustain the SVP specification, which is the sole factor for the "life tail".
>
> **Supporting Facts:** The relevant statutes mandated a prior conviction for a sexual offense in order to charge a sexually violent predator (SVP) specification, which was non-existent in this case.  Moreover, the trial court amended the indictment to remove all "force" element specifications, rendering the resultant "life tail" unsupportable due to insufficient indictment and insufficient evidence, thus violating due process of law.

(Doc. No. 1, 5).

On October 5, 2015, Respondent filed an Answer/Return of Writ arguing for dismissal on the ground that, among other things, the Petition is an unauthorized second or successive petition.  (Doc. No. 6).  On October 29, 2015, Petitioner entered a notice of voluntary dismissal without prejudice, in which he asserted that he "was unaware of the requirement to present a request to the United States Court of Appeals to proceed with a second or successive Habeas Petition."  (Doc. No. 7).

Petitioner thereafter filed his application to file a second or successive petition with the Sixth Circuit.  On July 1, 2016, the court entered an opinion and order denying petitioner's application as unnecessary and transferring to district court for further proceedings.  The court explained that Petitioner's 2014 resentencing amounted to "intervening judgment that permits

3

Stansell to raise challenges to his (undisturbed) conviction, his (undisturbed) term of incarceration, and his (new) term of post-release control[.]" *In re Stansell*, 828 F.3d 412, 416 (6th Cir. 2016).

On July 5, 2016, with the second or successive count being reset to zero, the matter was reopened in district court, and on July 8, the Magistrate Judge issued an order requiring Respondent to file a Return of Writ within sixty (60) days.  (Doc. No. 11 at 1).  The Court further ordered that

> If a dispositive motion is filed raising a statute of limitations defense, the movant shall attach documentation in support of the motion, including, but not limited to a certified copy of the docket. If the respondent claims the petition is time-barred, he or she also shall brief the merits unless there is United States Supreme Court or Sixth Circuit precedent directly on point in support of his or her statute of limitations argument.

(Doc. No. 11 at 2).

On July 25, 2016, Respondent filed a motion to dismiss the petition as time-barred.  In the memorandum in support, although acknowledging that the 2014 resentencing restarted the second or successive count, Respondent asserted that the 2014 resentencing did not serve to reset the limitations clock with respect to Petitioner's only stated ground for relief, which challenges the imposition of the sexually violent predator specification.  In support, Respondent cited *Bachman v. Bagley*, 487 F.3d 979, 984 (6th Cir.2007).  While Respondent asserts that *Bachman* "definitively" resolves the limitations issue in the present case, the Court notes the existence of extensive negative treatment of *Bachman*, none of which was addressed by Respondent.[2]

---

[2] A number of courts in the Sixth Circuit have questioned *Bachman* in light of *Burton v. Stewart*, 549 U.S. 147 (2007) (per curiam). *See, e.g., Johnson v. Warden, Lebanon Corr. Inst.*, No. 1:09CV336, 2010 WL 2889056, at *6 (S.D. Ohio June 23, 2010) ("the Court finds that the Sixth Circuit's discussion in *Bachman* about the effect of resentencing on the running of the statute of

4

Further, a recent Sixth Circuit case, *Crangle v. Kelly*, 838 F.3d 673 (6th Cir. 2016), abrogates or at least severely diminishes *Bachman's* precedential value.  In *Crangle*, the court held that a state trial court's *nunc pro tunc* correction of a judgment of conviction, which imposed mandatory post-release sanctions in addition to previously imposed penalties, amounted to a new judgment that reset the statute of limitations clock under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. 2244(d)(1)(A).  The court reasoned that "because '[t]he sentence is the judgment,' *Burton v. Stewart*, 549 U.S. 147, 156, 127 S.Ct. 793, 166 L.Ed.2d 628 (2007) (quotation omitted), a new sentence not only permits a challenge to either the new sentence or the undisturbed conviction, but also restarts AEDPA's one-year window to challenge that judgment."  *Crangle*, 838 F.3d at 678.

*Crangle* appears to be a significant development in the line of cases addressing AEDPA limitations in the context of re-sentencing, and Respondent has not addressed its effect on the limitations issue raised in the present case.[3]  Therefore, Respondent's motion to dismiss is DENIED without prejudice.  **No later than January 20, 2017**, Respondent shall file a Return of Writ addressing the merits of the petition.  As part of the Return, Respondent may reassert his limitations defense addressing *Crangle*, *Burton,* and related case law, and the impact of that case

---

limitations no longer carries precedential weight."); *Bennett v. Wolfenbarger*, No. 2:10-CV-11054, 2010 WL 2231798, at *2 (E.D. Mich. June 2, 2010) ("The Court has some concern regarding whether *Bachman* has been undermined by *Burton v. Stewart*..."); *Simmons v. Gansheimer*, No. 1:08CV1166, 2010 WL 6783820, at *8 (N.D. Ohio Nov. 19, 2010).

[3]  *Crangle* was decided on September 22, 2016, which was after Respondent submitted his motion to dismiss.  Nonetheless, the Court reminds Counsel for Respondent of his continuing obligation to advise the Court of material changes in the relevant law.

5

law on the limitations issue in the instant case.  **Petitioner shall file a Traverse no later than February 20, 2017.**

    **IT IS SO ORDERED.**

Date: December 21, 2016                          *s/ Jonathan D. Greenberg*
                                                    Jonathan D. Greenberg
                                                    United States Magistrate Judge