**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **Michael Stansell,** | ) | **CASE NO. 1:15 CV 1303** |
| | ) | |
| **Petitioner,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| vs. | ) | |
| | ) | |
| **LaShann Eppinger, Warden,** | ) | **Memorandum of Opinion and Order** |
| | ) | |
| **Respondent.** | ) | |

### Introduction

This matter is before the Court upon the Report and Recommendation of Magistrate Judge Greenberg (Doc. 18) which recommends denial of the Petition for Writ of Habeas Corpus pending before the Court. Petitioner filed objections to the recommendation. For the following reasons, the Report and Recommendation is ACCEPTED.

### Standard of Review

Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts provides, "The judge must determine *de novo* any proposed finding or recommendation to which objection is made. The judge may accept, reject, or modify any

1

proposed finding or recommendation."

**Discussion**

In 1998, petitioner entered a plea of guilty to charges of rape, rape with an SVP (sexually violent predator) specification, corruption of a minor, gross sexual imposition with an SVP specification, illegal use of a minor in nudity-oriented material, and pandering sexually-oriented matter involving a minor. Petitioner was sentenced to 20 years to life, and found to be a sexual predator. A 2002 habeas corpus petition was denied. Following motions filed in the trial court and a remand by the court of appeals, petitioner was re-sentenced in 2014 by the state court to the same sentence but with the addition of a term of mandatory post release control. This second Petition was subsequently filed asserting one ground for relief wherein petitioner alleged that he was deprived of due process where the indictment and evidence were insufficient to sustain the SVP specification.

This Court is in accord with the initial decision of the Magistrate Judge to decline to decide the statute of limitations question given the unsettled nature of the applicable law, and the fact that the claim is both procedurally defaulted and lacking in merit. The Court disagrees with petitioner's objection that the "current state of the law clearly establishes" that his Petition is not untimely.

Next, the Magistrate Judge found petitioner's ground for relief, asserting a due process claim, to be procedurally defaulted given that it was not fairly presented in the state courts. The Magistrate Judge noted that petitioner did not assert a claim on direct appeal or in collateral proceedings alleging that petitioner's due process rights were violated when he was classified as a sexually violent predator which resulted in the imposition of the life sentence.

Petitioner objects, raising the same argument as asserted in his Traverse. He claims that by arguing in his appeal of his motion to vacate the SVP specification that without the inclusion of the necessary elements (force or proof of a prior similar conviction) for the SVP enhancement, the trial court was without subject matter jurisdiction to impose the life sentence. Petitioner maintains that it is well-settled that a lack of subject matter jurisdiction is fundamentally a due process claim. This Court finds that an assertion that subject matter jurisdiction was lacking is not the equivalent of putting the state court on notice that it was being called upon to determine whether petitioner's due process right was violated when he was designated a sexually violent predator.

Even assuming the claim is not procedurally defaulted, the Magistrate Judge proceeded to a review of the merits and rejected the claim. This Court agrees. To the extent petitioner asserts that the trial court erred in its application of the Ohio Revised Code (because in the absence of force or a prior similar conviction, the SVP specification was unwarranted), the claim is non-cognizable on habeas review as a state court determination on a state law question. To the extent petitioner asserts that his SVP designation violates due process, defendant's plea of guilty effectively eliminated the government's burden to prove guilt beyond a reasonable doubt. Thus, petitioner waived any objection to the sufficiency of the evidence.

For these reasons and those stated in the Report and Recommendation, which is incorporated herein, the Petition is denied.

**Conclusion**

For the reasons set forth herein and for the reasons set forth in the Magistrate Judge's

Report and Recommendation, the Petition for Writ of Habeas Corpus is denied. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.  28 U.S.C. § 2253(c); Fed.R.App.P. 22(b).

    IT IS SO ORDERED.

                                    /s/ Patricia A. Gaughan
                                    PATRICIA A. GAUGHAN
                                    United States District Court
                                    Chief Judge

Dated: 8/30/17